David R. Koch (SBN 211609)
Steven B. Scow (SBN 223400)
KING SCOW KOCH DURHAM, LLC
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052
dkoch@kskdlaw.com
sscow@kskdlaw.com
Telephone: (702) 833-110
Facsimile: (702) 833-1107

*Attorneys for Plaintiff Crew Enterprises, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CREW ENTERPRISES, LLC formerly known as VERSITY INVEST, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TW INTERNATIONAL INVESTMENTS LTD., a foreign corporation; RODNEY KOCH, an individual; MICHAEL ROSE & ASSOCIATES, a Florida professional association; MICHAEL ROSE, an individual; GLOMACO, LLC, a Florida limited liability company; CARLOS BAJANA, an individual;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Crew Enterprises, LLC (formerly known as Versity Invest, LLC) ("Crew") for its complaint in this matter against Defendants TW International Investments Ltd, Rodney Koch, Michael Rose & Associates, Michael Rose, Glomaco, LLC, and Carlos Bajana (collectively "Defendants") alleges as follows:

## THE PARTIES

1. Plaintiff Crew Enterprises, LLC is a Delaware limited liability company with its principal place of business in Orange County, California.

2. Upon information and belief, Defendant TW International Investments Ltd. is a Bahamian registered company with its principal place of business in The Bahamas.

3. Upon information and belief, Defendant Rodney Koch is an individual who resides in The Bahamas or in the State of Nevada and was doing business in the State of California with respect to the transactions at issue in this action.

4. Upon information and belief, defendant Michael Rose & Associates is a Florida entity that solicited Crew's involvement in the transaction.

5. Upon information and belief, defendant Michael Rose is an individual residing in the state of Florida.

6. Defendant Glomaco, LLC, is a Florida limited liability company that received funds related to the transaction at issue.

7. Upon information and belief, Defendant Carlos Bajana is an individual residing in the State of Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter because this action is predicated on diversity of citizenship under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over the Defendants in this matter because the specific acts underlying this controversy occurred in California and were directed to Crew in California.

10. Venue is proper because the Defendants conspired and operated a scheme to defraud the Plaintiff in Orange County, California.

# GENERAL ALLEGATIONS

11. In early 2024, Michael Rose & Associates ("MRA") and its principal, Michael Rose ("Rose") solicited Crew with respect to obtaining funding for an investment property Crew was looking to acquire. The potential acquisition price for the investment property was approximately $65 million, and MRA agreed to analyze options to obtain funding this transaction.

12. MRA asked Crew to provide information about the investment property. MRA charged Crew thousands of dollars to analyze the potential transaction to determine if it was worth their time and effort to coordinate funding.

13. MRA represented itself to Crew as an intermediary for Rodney Koch and his company TW International Investments ("TW").

14. After reviewing the information provided by Crew, MRA decided to move forward and introduced Crew to Koch and TW. It was anticipated that Koch and TW would provide the $65 million in funding for the investment property.

15. In February 2024, a Zoom call was held between Koch and Crew representatives. During this Zoom call, Koch represented that he would be willing to fund Crew's project and stated that he would be able to obtain the funds through CalPERS, a California pension fund.

16. Koch further informed Crew that in order to move forward with the funding, it would first be necessary to pay for a "risk mitigation insurance policy" that is a required part of all transactions that Koch enters into with new clients. Koch told Crew that he would use Lloyd's of London for the risk mitigation insurance policy and that the cost of the policy for this transaction would be approximately $463,000.

17. Koch assured Crew that the risk mitigation insurance plan would provide protection both for him and for Crew if the funding transaction could not be completed. Koch further represented to Crew that the entire insurance premium would be refunded to Crew via wire transfer if the funding could not be completed.

18. Before proceeding further, Crew requested a face-to-face meeting with Koch. This meeting took place in February 2024 in Palm Springs, California, as Koch told Crew that he was in the area to watch his granddaughter's horse races. Koch answered Crew's questions about the funding and the insurance policy, and after these questions were addressed, Crew was more comfortable about the terms of funding.

19. A written Term Sheet dated February 9, 2024 was prepared by TW. The Term Sheet provided details of the funding transaction, specifying that $65 million in funding will be available within 45 days of signing the Term Sheet. Attached as Exhibit 1 is a true and correct copy of the Term Sheet prepared by TW and signed by Koch.

20. The Term Sheet specified that "TW will be invoicing $461,500 USD to Versity Invest LLC, due in advance after the term sheet is signed and accepted for the risk mitigation insurance policy that TW will be placing to satisfy the allocation requirements for the Institutional Investment Partner on this file CalPERS. The payment will be paid to our US trust account at Glomaco."

21. As stated in the Term Sheet, Koch instructed Crew to wire the insurance policy premium to Defendant Glomaco, LLC, which was based in Florida. Koch represented to Crew that Glomaco would facilitate acquiring the insurance policy from Lloyd's of London.

22. On March 14, 2024, Crew wired $461,500 to Glomaco to obtain the risk mitigation insurance policy. Attached as Exhibit 2 is a wire transfer receipt showing the funds were sent to Glomaco.

23. Crew communicated with Defendant Carlos Bajana at Glomaco regarding the wiring of funds and obtaining the insurance policy. Bajana confirmed the wire transfer details and confirmed that the insurance policy was being placed.

24. Koch assured Crew that once the risk mitigation insurance policy was obtained, a copy of the actual written policy would be provided to Crew.

25. Since the wiring of funds to Glomaco in March 2024, Crew has not received any confirmation of the insurance policy being placed. Nor has Koch ever provided a copy of the policy to Crew.

26. As the Term Sheet stated that funding would take place within 45 days, Crew expected the funding process to be completed no later than April 2024.

27. During the anticipated funding timeframe, Koch regularly told Crew to communicate with MRA about the status of funding for the planned property purchase. Crew spoke with Michael Rose and other MRA representatives about the status of funding on multiple dates during February, March, and April 2024. Rose and MRA assured Crew that the funding was underway and would soon be provided.

28. Throughout the purported funding process, both Koch and Rose/MRA stated on multiple occasions that they had completed dozens of similar deals every year and that their funding program was valid and effective.

29. But several weeks after the Term Sheet was signed and after the insurance policy premium had been wired to Glomaco, it began to become evident that there would be no funding provided by Koch, TW, or any other party.

30. Since April 2024, Crew has repeatedly asked Koch and MRA for updates and has repeatedly asked for the return of the $461,500 insurance premium sent to Glomaco.

31. Koch communicated with Crew by phone and text message for several weeks, always promising to return the insurance premium funds and promising to wire $461,500 to Crew. These representations and promises have not been fulfilled, however, and Defendants have failed to return the $461,500 despite repeated demands.

32. Based on other recent lawsuits alleging similar schemes,[1] Crew has concluded that Koch, MRA, and the other defendants named in this lawsuit have engaged in a conspiracy to steal money under the pretense of financial transactions that were nothing more than elaborate scams. Crew has learned that Koch has been found liable for numerous securities violations in Canada, as well as numerous claims and lawsuits asserting fraud and theft by the same parties under the same or similar scenarios, and often using pseudonyms or invalid corporate entities.

33. The Defendants knowingly misrepresented the entire transaction, amounting to a fraudulent scheme.

**FIRST CAUSE OF ACTION**

**(Fraud Against All Defendants)**

34. Crew incorporates all preceding paragraphs as if fully set forth herein.

35. Defendants intentionally misrepresented the financial transaction, the need for risk mitigation insurance, and the use of the funds requested from Crew.

---

[1] *See Lucky Lake Farm & Water Ltd. Ptrship, v. Gordon Clark, Rodney Koch, et al.*, U.S. District Court of Nevada, Case No. 2:23-cv-01768 and *Might be Hungover, LLC v. Rodney Koch, et al.*, U.S. District of South Carolina, Case No. 2:24-cv-05099-DCN.

-6-

Defendants knew they had no ability or intention to fulfill the transaction, and they falsely represented their ability and intentions.

36. Defendants never intended to obtain financing from CalPERS or any other entity, and the entire purpose of their communications with Crew was to illicitly obtain the $461,500 from Crew under the auspices of an insurance premium for a policy that was never needed or acquired.

37. Crew reasonably relied on these misrepresentations to its detriment.

38. Defendants' fraudulent conduct caused damages to Crew in an amount of at least $461,500, plus interest and punitive damages.

## SECOND CAUSE OF ACTION

### (Conversion Against All Defendants)

39. Crew incorporates all preceding paragraphs as if fully set forth herein.

40. Defendants wrongfully exercised dominion and control over Crew's $461,500 without authorization.

41. Defendants stole Crew's funds with no intention of returning the funds. When Crew asked for the return of the funds, Defendants acknowledged Crew's right to a return of the funds, but they failed and refused to return them.

42. As a direct and proximate result, Crew has suffered damages in an amount exceeding $461,500.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment Against All Defendants)

43. Crew incorporates all preceding paragraphs as if fully set forth herein.

44. Defendants received $461,500 from Crew under false pretenses and to Crew's detriment. Defendants have wrongfully retained the funds.

45. Equity and good conscience require restitution of the $461,500 to Crew.

## FOURTH CAUSE OF ACTION

### (Breach of Contract Against TW International Investments and Rodney Koch)

46. Crew incorporates all preceding paragraphs as if fully set forth herein.

47. Crew entered into a written contract with TW International Investments and Koch, whereby TW and Koch would provide $65 million in funding within 45 days of the Term Sheet being signed.

48. The Term Sheet also required Crew to pay $461,500 for a risk mitigation insurance policy that TW represented it would be placing to satisfy the allocation requirements for an investment partner.

49. A valid contract existed between Crew, on the one hand, and Defendants TW and Koch on the other hand. TW and Koch breached the agreement by failing to procure the funding identified in the Term Sheet and failing to return the $461,500 after those funds were not used for their stated purpose.

50. As a result of Defendants' breaches, Crew has suffered damages in an amount exceeding $461,500, plus interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crew prays for judgment against Defendants as follows:

1. Compensatory damages in an amount exceeding $461,500;
2. Punitive damages in an amount sufficient to deter future misconduct;
3. Prejudgment and post-judgment interest;

4. Attorneys' fees and costs of suit; and

5. Any other relief this Court deems just and proper.

For such other and further relief as this Court may deem to be fair, just, and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable by a jury.

Dated: December 9, 2024      **KING SCOW KOCH DURHAM LLC**

By: /s/ David R. Koch
David R. Koch
*Attorneys for Plaintiff Crew Enterprises, LLC formerly known as Versity Invest, LLC*